UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| *In re Subpoena Issued to:*<br><br>Custodian of Records<br>Federal Bureau of Prisons<br>Central Office HQ, 320 First Street NW<br>Washington, DC 20534<br><br>*In the Criminal Matter of:*<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL WELLS<br><br>c/o Hannah Claudio<br>Public Defender Service for D.C.<br>633 Third Street NW<br>Washington, DC 20001 | Misc. No. 26-00079 (SLS) |

**MOTION TO QUASH SUPERIOR COURT SUBPOENA AND MEMORANDUM IN SUPPORT THEREOF**

The Federal Bureau of Prisons (the "Agency"), by and through undersigned counsel, respectfully moves the Court to quash the subpoena that is the subject of this miscellaneous matter. Undersigned counsel has attempted to confer with opposing counsel to resolve this matter without judicial intervention and has received no response. Undersigned emailed opposing counsel on May 27, 2026, asking whether the parties could jointly agree to dismiss this matter. Undersigned received no response. Next, undersigned emailed opposing counsel on June 3, 2026, to follow up. Undersigned received no response. Next, undersigned emailed opposing counsel on June 4, 2026, to inform them that the government would be filing a status report. Undersigned received no response and sent the filed status report to opposing counsel on June 5, 2026. The undersigned emailed opposing counsel again on June 16, 2026, asking whether they intended to enter the

litigation as the government would be filing a motion to quash. Again, undersigned received no response. Finally, the undersigned called and emailed opposing counsel on July 20, 2026, in a final attempt to meet and confer. Again, the undersigned received no response.

## BACKGROUND

This motion to quash concerns a subpoena duces tecum (the "Subpoena") issued to the Agency by the Superior Court of the District of Columbia in the criminal action captioned, *United States of America v. Michael Wells*, No. 2026 CSPSLD 000074 (D.C. Super. Ct.).

The Agency received the subpoena on or about March 12, 2026, which seeks medical records of Michael Wells while he was in the Agency's custody. *See* ECF No. 1-1. Because the Agency is a component of the federal government, this matter was removed to this Court pursuant to 28 U.S.C. § 1442(a)(1). *See generally* ECF No. 1.

## ARGUMENT

To start, the subpoena should be quashed because of sovereign immunity. "In state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena." *Houston Bus. J., Inc. v. Off. of Comptroller of Currency*, 86 F.3d 1208, 1211 (D.C. Cir. 1996). The Superior Court is defined as a "state court," 28 U.S.C. § 1451, and "[t]he courts of the District of Columbia are treated as 'state' courts for removal purposes." *Brown & Williamson Tobacco*, 62 F.3d at 413 n.3 (citation omitted); *see also* 28 U.S.C. § 1442. "It is settled beyond all question that the sovereign immunity of the United States precludes a state court from enforcing a subpoena or a subpoena duces tecum issued by a state court and served on a non-party federal government agency. It, therefore, follows that a federal court must quash such a subpoena when the federal official or agency upon whom the subpoena was served removes the state court action to a federal court because the federal court lacks jurisdiction to enforce it."

2

*Longtin v. Dep't of Just.*, Civ. A. No. 06-1302 (JMF), 2006 WL 2223999, at \*2 (D.D.C. Aug. 3, 2006) (citing *Houston Bus. Journal*, 86 F.3d at 1211-12).

The subpoena's removal to federal court does not make it enforceable. It is well settled that "because a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government." *Houston Bus. J..,* 86 F.3d at 1212; *see also Est. of Pal v. Barcode Corp.*, Civ. A. No. MC 19-109 (CKK), 2019 WL 4709902, at \*2 (D.D.C. Sept. 26, 2019) ("the D.C. Superior Court does not have jurisdiction to enforce the subpoena because sovereign immunity shields the federal government, including the United States Attorney, from enforcement actions in state court. . . . Moreover, because the underlying civil case is in state court, this Court's jurisdiction is derivative of the state court's jurisdiction, and this Court also lacks jurisdiction to enforce the subpoena against the United States Attorney."). The Agency, as a component of the federal government, accordingly holds sovereign immunity over the Superior Court's subpoena. *See, e.g.*, *id.* (state court subpoena to component of federal agency could not be enforced; collecting cases); *Santini v. Herman*, 456 F. Supp. 2d 69, 72 (D.D.C. 2006) ("This Court is without jurisdiction to enforce a Superior Court subpoena against the federal government."); *Stauffer v. Miller*, Misc. A. No. 14-mc-0454 (ABJ-AK), 2014 WL 12539886, at \*3 (D.D.C. July 16, 2014) ("Sovereign immunity prevents federal agencies from being compelled to respond to subpoenas issued by a State court.").

Second, the Agency's *Touhy* regulations provide an administrative framework for requesting documents from the federal government. *See Houston Bus. Journal*, 86 F.3d at 1212 n.4 (citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 467–69 (1951)). In circumstances where an agency refuses to provide discovery under valid *Touhy* regulations, the "sole remedy" for a state court litigant is "to file a collateral action in federal court under the [Administrative

3

Procedure Act]" 5 U.S.C. §§ 701 *et seq. Houston Bus. Journal*, 86 F.3d at 1212; *see also Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007) (the "state court litigant's only recourse from a federal agency's refusal to comply with a state court subpoena is to bring an [APA] claim—necessarily governed by the APA arbitrary and capricious standard—against the agency in federal court."); *Santini*, 456 F. Supp. 2d at 71 ("When an agency has enacted *Touhy* regulations, the litigant must proceed under the [APA], and the federal court will review any agency decision not to permit its employee to testify under an arbitrary and capricious standard."); *Longtin*, 2006 WL 2223999, at *3 (D.D.C. Aug. 3, 2006) ("The only way to overturn the Department of Justice's denial of plaintiff's *Touhy* request is to file a civil complaint under the Administrative Procedure Act and to establish that the decision made by the Department of Justice was arbitrary, capricious, and unreasonable.").

Third, enforcing the Subpoena would violate the Supremacy Clause by ignoring the APA and the Agency's *Touhy* and Privacy Act regulations. U.S. Const. art. VI, cl. 2. As explained in *Boron Oil Co. v. Downie*, 873 F.2d 67, 71 (4th Cir. 1989),

> The principle of federal supremacy reinforces the protection of sovereign immunity in the case at bar. The assertion of state court authority to override the EPA's *Touhy* regulations clearly violates the Constitution's Supremacy Clause. First, Congress has expressly limited Administrative Procedure Act review to the federal courts, and a state court's assertion of the power of judicial review over federal agencies directly contravenes 5 U.S.C. § 702. Second, properly promulgated agency regulations implementing federal statutes have the force and effect of federal law which state courts are bound to follow. *See Chrysler Corp. v. Brown,* 441 U.S. 281, 295–96, 99 S.Ct. 1705, 1714–15, 60 L.Ed.2d 208 (1979). The action of a state court to compel an official of a federal agency to testify contrary to the agency's duly enacted regulations clearly thwarts the purpose and intended effect of the federal regulations. Such action plainly violates both the spirit and the letter of the Supremacy Clause.

*Id.* Thus, Plaintiff's subpoena should be quashed.

## CONCLUSION

For the foregoing reasons, the Court should quash the subpoena issued to the Agency.

4

Dated: July 21, 2026
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:           */s/ Kaitlin K. Eckrote*
      KAITLIN K. ECKROTE
      D.C. Bar #1670899
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 252-2485

*Attorneys for the United States of America*

5